### IN THE

## SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF NEW-YORK,

IN AUGUST TERM, 1817, IN THE FORTY SECOND YEAR OF OUR INDEPENDENCE.

---

### VAN ANKIN *against* WESTFALL.

An action of slander lies for charging the crime committed in another state, although the plaintiff would not be amenable to justice in this state. An action of slander lies for charging the plaintiff with a crime the prosecution of which has been barred by the statute of limitations; and in such action, tue defendant may justify and prove the truth of his allegation, notwithstanding the criminal prosecution may be barred. The truth of the words spoken is not admissible in mitigation of damages.

THIS was an action of slander tried before Mr. Justice *Platt*, at the *Orange* circuit, in *September*, 1816.

The words charged in the three first counts of the declaration, and proved, on the trial, to have been spoken, by the defendant, of the plaintiff, were, the plaintiff *is a thief, and has stolen fifty dollars in cash from Jacob De Witt.* These words were spoken in this state, but had reference to a transaction which took place in *Pennsylvania*, where *Jacob De Witt* resided. The defendant offered to prove, in mitigation of damages, that the plaintiff, before speaking the words, was in company with a number of other persons, and had been at the house of *De Witt*, in *Pennsylvania*, and that a sum of money had, at that time, been taken from *De Witt*, who charged the persons who had been at his house with taking it; that those persons agreed to indemnify *De Witt*; and that the plaintiff, in consequence of such agreement, paid his proportion of the loss which *De Witt* had sustained. This testimony was overruled by the judge. The defendant then moved for a nonsuit on the ground that the words, as proved, were not actionable, not charging the plaintiff with the commission of any crime, or misdemeanour,

VOL. XIV.                    G g

for which he was liable to be indicted and punished in this state ; but the judge denied the motion.

The case was submitted to the court without argument.

*Per Curiam.* This is an action of slander, charging the defendant for saying of the plaintiff, " He is a thief, and has stolen fifty dollars in cash from *Jacob De Witt*." It appeared, in proof, that *Jacob De Witt* resided in the state of *Pennsylvania ;* and that the transaction referred to by the defendant took place in that state. The plaintiff's right to sustain the action was objected to, because no crime was alleged against him for which he could be punished here. This objection was properly overruled. Although the plaintiff might not be amenable to our law, had the charge against him been true ; yet, from any thing that appears, he might have been demanded as a fugitive from justice, and have been punished, if guilty, in the state of *Pennsylvania.* But the right of the plaintiff to sustain the action does not depend upon the question, whether he was liable to be prosecuted and punished for the crime charged against him. As when the statute of limitations has run against the criminal prosecution, it is still slander to charge the party with the offence ; and the party making the charge would have a right to justify, and show the truth of his allegation, notwithstanding the criminal prosecution might be barred. The evidence offered in mitigation of damages was properly overruled. The testimony was to show the truth of the charge alleged against the plaintiff, and was not admissible under the general issue, in justification ; and it is a well-settled rule that the truth of the charge is not admissible in mitigation of damages. The motion for a new trial must, accordingly, be denied.

                                        Motion denied.