[ *105 ]          *COOPER *vs.* BARBER.

Where a party is sued for republishing a *libellous article* in a newspaper, and the republication is accompanied by remarks *tending* to a justification of the article but not amounting to it, the defendant is not permitted to prove the truth of the remarks *in mitigation* of damages, because the evidence would tend to prove the charge well founded. Evidence in mitigation must be such as admits the charge to be false.

A judge at the circuit may, upon his own motion, exclude evidence which he deems *irrelevant ;* he is not bound, although the opposite party does not object, to sit and hear testimony which can have no legal bearing upon the question to be tried.

THIS was an action for a *libel*, tried at the Montgomery circuit, in May, 1839, before the Hon. JOHN WILLARD, one of the circuit judges.

The defendant was the editor of a newspaper called the *Otsego Republican*, and on the 14th of August, 1837, republished in that paper an article from another paper called the *Chenango Telegraph*, which commenced as follows—" J. FENIMORE COOPER. This gentleman, not satisfied with having

drawn down upon his head universal contempt from abroad, [meaning Europe,] has done the same thing for himself at Cooperstown, where he resides." The article also contained other imputations upon the plaintiff which were held to be libellous on the trial, without any objection on the part of the defendant to the ruling of the judge in that respect. The defendant published the article, with remarks of his own in relation to a controversy which had arisen between the plaintiff and some of the citizens of Cooperstown in relation to *Three-mile point*, a piece of land projecting into Otsego lake. No part of the defendant's remarks was pointed out on the trial as being libellous. The plaintiff's counsel made a full opening, as though prepared and willing to go into the whole matter relating to the point, if the defendant should desire it. After proving the publication, and admitting that what the defendant published as purporting to come from the *Telegraph*, was in fact copied from that paper, the plaintiff rested.

*The defendant, with the plea of not guilty, had given notice of [ *106 ] special matter in justification, in which he alleged that he had republished the *Telegraph* article with good motives ; and then went on to say, that evidence would be given in relation to the controversy about the Point, which, as it was set forth in the notice, tended to support the account which the defendant had given of the matter in his remarks. When the defendant's counsel sat down, after opening the defence, the judge stated that he had looked over the pleadings, and feeling satisfied that the matters set forth in the notice did not amount to a justification and were irrelevant, he should, without waiting for any application for that purpose, exclude evidence of those matters. To this opinion the defendant excepted. The defendant then offered to prove those matters in mitigation of damages. The judge said the evidence was not admissible. Exception. The defendant then offered to prove that every fact stated in his remarks as published, was true. The judge overruled the evidence, and the defendant excepted. After the cause had been summed up by the counsel, the judge charged the jury, to which no exception was taken. The jury having found a verdict for the plaintiff, the defendant now moves for a new trial on a bill of exceptions.

*J. A. Spencer*, for defendant.

*R. Cooper*, for plaintiff.

*By the Court*, BRONSON, J. The defendant republished in his paper an article from the *Chenango Telegraph*, certain parts of which were pointed out on the trial as being libellous. He accompanied the republication with remarks of his own, none of which were mentioned at the trial as being actionable. The notice annexed to the defendant's plea, affirmed the truth of

*some* of the facts mentioned in his remarks. This is the most that can be justly claimed for the notice. It was insufficient, and the evidence which the defendant offered under it, would have been inadmissible, although nothing had been in question but the statements *which the defendant made in addition to the *Telegraph* article. But when we look at the objectionable parts of that article, it is impossible to say that the facts set up in the notice furnished any answer whatever to the publication.

But if we lay out of view the question about the sufficiency of the notice, and assume that the pleadings were in the proper form in reference to all the evidence which was offered, it will not aid the defendant's case. It is a familiar principle in the law of libel, both in relation to the pleadings and the proofs, that the defendant must answer the particular charge which he has made, and that the justification must be as broad as the imputation upon the plaintiff's character. *Andrews* v. *Vanduzer*, 11 *Johns. R.* 38. *Mitchell* v. *Borden*, 8 *Wendell*, 570. *Stilwell* v. *Barter*, 19 *id.* 487, *and cases cited.* Now, if the defendant had proved, according to his broadest offer of evidence, that every fact stated in his remarks was true, it would have made out neither justification nor excuse for publishing *other* matter, which was libellous. Good morals, as well as the law, forbid, that the addition of some truth should be deemed a palliation of the wrong of publishing a libel.

If the remarks had in themselves any tendency to disprove malice, or counteract the injurious effects of the slander, the defendant had the full benefit of that consideration on the trial ; for the remarks were not only read to the jury in connexion with the *Telegraph* article, but the jury took the paper with them on retiring to deliberate ; and they were left at full liberty to put the most favorable construction upon the defendant's motive in making the republication, which could be drawn from the manner in which it was done. If the one was in any degree an antidote to the other, the jury have undoubtedly made the proper allowance. But if we should assume the contrary, we could not correct their estimate of damages on a bill of exceptions.

Facts and circumstances which tend to disprove malice, by showing that the defendant, though mistaken, believed the charge true when it was made, may be given in evidence in mitigation of damages. But if the facts and circumstances offered, tend to establish the truth of the charge, *or form a link in a chain of evidence going to make out a justification, they are not admissible in mitigation of damages. In short, evidence going only to the damages, must be such as admits the charge to be false. *Gilman* v. *Lowell*, 8 *Wendell*, 573. *Purple* v. *Horton*, 13 *id.* 9. The evidence which the defendant offered, although it fell far short of the mark, tended to make out a justification. It did not admit that the charge was false. The defendant did not propose to disprove malice by

showing that he acted upon mistaken information concerning the facts of the case : but, on the contrary, he still affirmed the truth of his remarks. As a bar to the action, the evidence was inadmissible, because the justification was not so broad as the imputation upon the plaintiff's character ; and it was not proper evidence in mitigation of damages, for the reason, that so far as it went, it tended to prove the charge well founded.

What influence the evidence might have had upon the jury in estimating damages, no one can tell. It is matter of mere conjecture. But upon established principles, it could have no legitimate bearing upon the question, and was therefore properly excluded.

The ground on which the defendant's counsel mainly relied for obtaining a new trial, was, that the judge overruled the evidence on his own motion, when the plaintiff not only made no objection, but seemed willing to go into the whole controversy in relation to Three-mile point. If the judge had acted on the sole ground that the notice was insufficient, the defendant would, perhaps, have some reason to complain of the decision. Objections to the form of the pleadings may be waived by the parties. But the evidence was excluded on the ground that it was in its own nature irrelevant. It could make out neither justification nor excuse for republishing the Telegraph article. And although the plaintiff might not be disposed to restrict the defendant in any evidence which he wished to give, the judge was not obliged to burden himself and the jury, and to delay other suitors, by entering upon the investigation of matters which could have no legal bearing upon the question to be tried.

This is a bill of exceptions, and it only reaches those *ques-   [ *109 ] tions of law in which the party was overruled on the trial. No exception was taken to the charge ; and I am unable to see any ground which will authorize us to disturb the verdict.

New trial denied.