## Bush *vs.* Prosser.

In an action for slander, in charging the plaintiff with keeping a house of ill fame, evidence of lewd and unchaste behavior by the plaintiff's family, falling short of the offense charged, is not admissible, either in justification of the charge, or in mitigation of damages. Selden, P. J. dissented.

The code of procedure has not altered the rule holding such evidence inadmissible.

This was an appeal by the defendant from a judgment entered against him at special term, upon the verdict of a jury. The action was brought for slander, in charging the plaintiff with keeping a bawdy house, or house of ill-fame. The defendant, by his answer, denied the uttering of the slanderous words alledged in the complaint. He also alledged that for a long time, to wit: for the space of five years and upwards, immediately prior to the times mentioned in said complaint, the conduct of the wife of the plaintiff, and of his daughter Emily, who were both during all that time inmates of the house of the said plaintiff, was very lascivious, unchaste, and improper; and such as to induce the belief that the plaintiff did keep a house of ill-fame; and that William Prosser, son of the defendant, was induced by the conduct of the said wife and daughter of the plaintiff, to visit the house of the plaintiff, and to spend his time with the said daughter at improper and unreasonable times, and to continue so to spend his time, contrary to the injunctions and remonstrances of the defendant, which were well known to the plaintiff and his family; and that whatever was said by the defendant in relation to any of the matters stated in the complaint, was said without any malice towards the plaintiff, or any design to do him injury in his good name or otherwise; but the same was said in kindness to the plaintiff personally, and to the son of the defendant by way of remonstrance and advice to him, as the defendant was in duty bound to do, the said son being under the age of twenty-one years, and under the care and charge of the defendant.

The plaintiff put in a reply, denying the allegations in the answer. The cause was tried at the Monroe circuit in May, 1850, before Justice Johnson, and a jury. The plaintiff proved

the uttering of the slander, substantially as charged in the complaint.

The defendant's counsel offered to show by a witness that shortly after the time of a conversation between the plaintiff and defendant, at the plaintiff's house, as testified to, by the witness, the defendant's son William returned from Buffalo, and stopped at the house of the plaintiff, and remained there a week, shut up in the house the whole time, and did not go home in that time to his father's. This was objected to by the plaintiff's counsel, and objection sustained by the court, and the defendant's counsel excepted to the decision. The defendant's counsel also offered to show that the said son had for one or two years before, been in the habit of going to the plaintiff's house and remaining there throughout the whole night, very frequently in the room with the plaintiff's daughter, to the knowledge of the plaintiff. This was also objected to by the plaintiff's counsel, and the objection sustained by the court, and decision excepted to by the defendant's counsel. The defendant also offered to show the circumstances and facts of lewd conduct on the part of the plaintiff's wife and daughter, under the answer, which the court rejected and the defendant excepted. The defendant then offered to prove each of the above offers, with the additional fact that the defendant had previous to these times, forbidden his said son visiting the plaintiff's house; and that the plaintiff had been informed of that fact, and still permitted the son to continue such visits; the son being a minor, and that known to the plaintiff. This testimony was also objected to by the plaintiff's counsel, and the objection sustained by the court, and the defendant's counsel excepted. The defendant's counsel refused to introduce any further evidence, or to address the jury. The plaintiff's counsel summed up the case, and the court charged the jury that the only circumstances and facts which would be regarded by them, or which were proper to be given in evidence, in mitigation of the damages, and which it was proper for them to take into consideration, was whether the words charged were spoken on a sudden heat of passion, or other circumstances of that nature, attending the speaking of the words. The defend-

ant's counsel excepted to this part of the charge. The jury retired, and brought in a verdict for the plaintiff of $1000 damages.

*H. R. Selden,* for the appellant.

*Horace J. Thomas,* for the respondent.

T. R. STRONG, J. Nothing can be more clear, than that independent of the 165th section of the code, evidence of the misconduct of the plaintiff and his family, as set up in the answer, was inadmissible. It was not admissible in justification of the charge made by the defendant, for the reason that the misconduct alledged falls far short of sustaining the charge; and it was not admissible in mitigation of damages, for the reason that it would have tended to prove the truth of the charge. The rule is well settled that a justification must be as broad as the imputation against the plaintiff. (*Fero* v. *Ruscoe,* 4 *Comst.* 162. *Cooper* v. *Barber,* 24 *Wend.* 105, 108. *Fidler* v. *Delavan,* 20 *Id.* 57. *Stilwell* v. *Barter,* 19 *Id.* 487. *Mitchell* v. *Borden,* 8 *Id.* 570. *Clark* v. *Dibble,* 16 *Id.* 601. *Shepard* v. *Merrill,* 13 *John.* 475.) And it has been established by a long series of decisions in the courts of this state, too firmly to be changed but by legislative authority, that no evidence can be received in mitigation of damages by slanderous words, whether a justification be or be not pleaded, which proves, or tends to prove, the truth of the words. It is sufficient to refer to a few of the cases, without entering into a particular statement of them, or of the opinions given. (*Fero* v. *Ruscoe,* 4 *Comst.* 162. *Cooper* v. *Barber,* 24 *Wend.* 105. *Purple* v. *Horton,* 13 *Id.* 9. *Gilman* v. *Lowell,* 8 *Id.* 574. *Mapes* v. *Weeks,* 4 *Id.* 659. *King* v. *Root, Id.* 113. 7 *Cowen,* 613. *Van Ankin* v. *Westfall,* 14 *John.* 233. *Andrews* v. *Vanduzer,* 11 *Id.* 38.) In respect to the positions taken, that the words were spoken in the performance of a private duty of the defendant, and in the protection of his interests; and that the speaking of them was occasioned by the misconduct of the plaintiff's family, the answer is, that assuming to be true all that is alledged by the defendant, in regard to the

conduct of the plaintiff, and his family, and conceding, as we must, the high parental obligation which rested upon the defendant, to rescue and protect his minor son from associations and influences which he deemed destructive or hurtful in their nature, there was no just occasion for the broad charge that the plaintiff kept a house of ill-fame, accompanied by threats of the defendant that he would have the plaintiff indicted for that offense; and no circumstances of provocation, which had occurred at a previous time, could excuse or palliate the charge. To render the words privileged, so that no action would lie for speaking them, without proof of express malice, they must have been fairly warranted by a reasonable occasion or exigency; and it cannot reasonably be claimed that the charge which is the subject of this action, was at all necessary, or could in any way aid the plaintiff, in the discharge of his duty. (*Thorn* v. *Moser*, 1 *Denio*, 488, *and cases cited.*) As matter of provocation, the facts and circumstances alledged and proposed to be proved, were too remote. (*Gould* v. *Weed*, 12 *Wend.* 12. *Maynard* v. *Beardsley*, 7 *Id.* 560. *Lester* v. *Wright*, 2 *Hill*, 320.) The defendant was allowed to prove all that occurred when the words were uttered, and all attending circumstances.

We are then brought to the question whether, under the section which has been referred to, of the code, evidence of the misconduct charged in the answer, should have been received. That section provides, that in actions for libel or slander, "the defendant may, in his answer, alledge both the truth of the matter charged as defamatory, and any mitigating circumstances to reduce the amount of damages; and whether he proves the justification or not, he may give in evidence the mitigating circumstances." It will be observed that the section does not prescribe what shall constitute, or give any definition to the words "mitigating circumstances." It simply provides that mitigating circumstances may be alledged, in addition to an allegation of the truth of the charge, and proved, whether the allegation of the truth of the charge be sustained or not. Regarding the language used, in connection with former adjudications, restricting the right to prove matter in mitigation, to cases where a

Bush *v.* Prosser.

justification is not presented upon the record, (*Root* v. *King*, 7 *Cowen*, 613. 4 *Wend.* 113, *and cases cited*,) the main object of the section would seem to have been to change the rule established by those adjudications, and to secure to a defendant the benefit of all facts and circumstances in mitigation, notwithstanding he has pleaded a justification. A literal interpretation of the language, would perhaps confine the right to set up matter in mitigation in the answer, to cases where the truth of the charge is also alledged, but I think it was not intended by the legislature that the section should have so limited an operation. A party may alledge both the truth and mitigating circumstances, but he is not required to alledge the former in order to be entitled to present the latter. Such, is the fair spirit of the provision.

Was the misconduct of the plaintiff and his family, alledged by the defendant, proper matter of mitigation of damages in this case ? To this point the inquiry, as to the admissibility of the evidence proposed, is reduced. If such misconduct could fairly be considered in mitigation, proof of it should have been allowed ; otherwise not. The position taken on the part of the defendant is, that the matters alledged by him were calculated to induce a belief, that what he asserted of the plaintiff was true, and therefore the plaintiff should recover a less amount than he would otherwise be entitled to ; that the rule which has prevailed, excluding evidence of facts and circumstances in mitigation, which tended to prove the truth of the charge, originated under the former system of pleading, which did not allow a defendant to place upon the record any thing short of a full defense, and grew out of the injustice of permitting the evidence without notice ; and that the code, having removed the difficulty, by permitting the matters to be set forth in the answer, the rule should no longer exist. After an attentive examination of the cases, and a careful consideration of the subject, I am satisfied this position, so far as it asserts that the matters in question could properly be regarded in mitigation of damages, and in respect to the basis of the rule referred to, cannot be maintained. The action was brought to recover damages for an injury to the plaintiff's char-

acter, occasioned by the slander. In *Howard* v. *Sexton*, (4 *Comst.* 161,) Gardiner, J. says, " the modern, and I think the better doctrine is, that the action for slander was not designed to punish the defendant for general ill will to his neighbors, but to afford the plaintiff redress for a specific injury." Such being the object of this action, if the slanderous charge was false, the plaintiff was entitled to damages to the extent of the injury. The injury was none the less because the defendant believed the charge was true; proof of such belief, therefore, would not have been entitled to any influence in regard to the damages. Nor would such proof have repelled malice; it would have been consistent with the most rancorous malice in giving utterance to the slander. Besides, it may well be doubted, under the recent decisions, whether evidence could be received to disprove malice in this case, where the words were not privileged, and the law inferred malice, from the falsity of the charge. If the plaintiff had not the right to prove malice, to enhance the damages, it would seem that the defendant had not, upon principle, the right to disprove it for the purpose of reducing the damages. The circumstances, which it was claimed induced the defendant to believe the charge was true, could not be proved for the purpose of impeaching the character of the plaintiff, and in that way reducing damages, for character in its most general sense only, was an issue on the subject of damages, and could not be impeached by proof of conduct or specific acts, but only by general evidence. (*Root* v. *King*, 7 *Cowen*, 635.) Such circumstances could not be shown as a partial excuse for the slander; for as Bronson, J. very properly observes, in *Cooper* v. *Barber*, (24 *Wend.* 107,) " Good morals, as well as the law, forbid, that the addition of some truth should be deemed a palliation of the wrong of publishing a libel;" and the remark is equally true in respect to verbal slander. There is not, in my judgment, any sound principle upon which the evidence could justly have been allowed to affect the extent of the damages; and such I think is the doctrine of the cases, in this and some of the other states. In *Gilman* v. *Lowell*, already cited, Savage, chief justice, says, " from the current of decisions in this state it is settled that the

Bush v. Prosser.

defendant [in an action for slander] may justify, if he chooses, but if he does so, he admits the malice on his part, and of course can resort to no defense which is based upon the absence of malice. It results from this principle, I think, that where a defendant is prosecuted for words, he has two courses before him in shaping his defense; the one is to justify; if he succeeds in his justification he is of course exonerated from all liability; if he fails, the attempt to justify enhances damages. The other course is to show his innocence, either by a total denial, or by showing circumstances which prove his motives to have been innocent. If he takes the latter course, and undertakes to show his innocence, he ought not to inculpate the plaintiff; by declining to justify, he virtually admits that he cannot do so, and of course the truth of the charge is abandoned : he ought not then to be permitted to do indirectly what he dare not do directly." In *Purple* v. *Horton*, also before cited, it is said by the same judge, " on the trial the defendant admits these charges are entirely false and groundless, and proposes to mitigate damages by showing facts and circumstances *which induced him to suppose the charges true at the time they were made.* If those facts and circumstances were sufficient to induce the defendant to suppose the charges true, are they not also sufficient to induce the jury to believe them true ? That they tend to a justification the defendant's counsel does not deny. Neither can it be denied that the defendant seeks to secure himself from damages; not by showing that he spoke the slanders innocently, but by endeavoring to raise in the minds of the jury suspicions of the plaintiff's guilt, when he dare not put a justification upon the record, and when, for the purpose of this covert justification, he admits the charges false. The counsel argues the point in his favor as earnestly as if it had not been frequently decided. The doctrine of this court on this subject is familiar to every lawyer. Facts and circumstances may be shown in mitigation when they disprove malice, and do not tend to prove the charges, or form a link in the chain of evidence to prove a justification." And again, " It is insisted that the course attempted in this case shows the absence of malice. That I deny. It must

be admitted that the speaking of the words is evidence of malice. A justification does not disprove malice, but confirms it. In such case the plaintiff fails, not because of the absence of malice in the defendant, but because the plaintiff has sustained no damage. Notice of justification put upon the record is evidence conclusive of malice. If a notice that the defendant intends to prove the truth is evidence of malice, the offer of evidence tending towards proof cannot show the absence of malice." The same views, substantially, are advanced in several of the other cases in this state, which are referred to. The doctrine is also very clearly and accurately stated in a case recently decided in Massachusetts, *Watson and wife* v. *Stone*, (2 *Cushing*, 133.) That was an action for slander in charging the wife with stealing two beds. " The defendant, in mitigation of damages, and to rebut the presumption or evidence of malice, offered to show the circumstances under which the charge was made, and the words uttered, and that by the conduct of the wife the defendant was led honestly to believe that the words uttered by him were true," and for that purpose to prove certain facts. The evidence was rejected; and on an application for a new trial, on exceptions, Metcalf, J. after referring to several cases holding such evidence inadmissible, remarks, " But if this were *res integra* we should have no hesitation in rejecting the evidence which the defendant offered at the trial. It had no tendency to disprove the malice of the defendant. For malice, in its legal sense, is not personal enmity. A wrongful act purposely done is all that is necessary to be shown in proof of malice. (*Bromage* v. *Prosser*, 4 *Barn. & Cress*. 255. *Commonwealth* v. *Bonner*, 9 *Metc*. 410.) Nor had the evidence, in our judgment, any legitimate tendency to mitigate the damages. The damages in an action of slander are to be measured by the injury caused by the words spoken, and not by the moral culpability of the speaker. The general character of the plaintiff may be shown to be bad; for this shows that his injury is small. But reports and rumors, unfavorable to his character, cannot be given in evidence, in this commonwealth, for the purpose of reducing damages. (*Bodwell* v. *Swan*, 3 *Pick*. 376. *Stone* v. *Varney*, 7 *Met*. 91.) A fortiori, evidence

Bush *v.* Prosser.

of the defendant's suspicion, however excited, cannot be received, for such purpose." This case is directly in point, and the opinion delivered very clearly and accurately discloses the true principle. It will be observed, that no allusion is made by either of the learned judges, whose remarks I have introduced, to the idea, that evidence of circumstances tending to prove the truth of a slander, when a justification is not pleaded, would be a surprise upon a plaintiff; their entire arguments, against the admission of the evidence, are rested wholly upon the ground that such circumstances should not reduce the damages. Such will be found to be the basis of the rejection of such proof, in most of the cases to which I have referred. The impropriety of receiving the proof without notice is frequently mentioned, but only as an additional reason why it should be excluded. I will only add, that no consideration of justice to a defendant, in an action for slander, calls for the admission of such evidence; he has ample protection against injustice, in the right to alledge and prove the truth of the charge made by him, as a full defense, and the character of the plaintiff, and any circumstances which admit the falsity of the charge, that can tend to reduce the damages, in mitigation of them; when, on the contrary, to allow such evidence would lead to the greatest abuses, if not entirely destroy the value of the action as a protection to character.

My opinion therefore is, that the code has not altered the rule, holding such evidence as was offered in the present case, and rejected, inadmissible.

It is not necessary to consider the question whether the objection to the deposition offered in evidence was well taken, for the reasons assigned for the objection, as the matter of the deposition was of the same character with the other evidence offered and excluded. The charge was substantially correct, and the judgment should be affirmed.

JOHNSON, J. concurred.     SELDEN, P. J. dissented.

Judgment affirmed.

[CAYUGA GENERAL TERM, June 7, 1852. *Selden, Johnson* and *T. R. Strong,* Justices.]