SWAGER, Respondent, vs. LEHMAN, Appellant.

*May 5 — June 1, 1885.*

EVIDENCE. *(1) Admissions: Ownership of note: Husband and wife. (2) Transactions with deceased person.*
REVERSAL OF JUDGMENT. *(3) Instructions to jury: Immaterial errors.*

1. In the presence of the plaintiff, her husband offered to sell to the defendant a note belonging to her, but which he represented as belonging to himself. The defendant did not purchase the note; but plaintiff's husband afterwards delivered it to him for collection, directing him to apply the proceeds to the payment of a debt of said husband. *Held,* that the plaintiff's silence when her husband offered to sell the note, could not be taken as an admission that, failing to sell it, he might use the proceeds of it, afterwards realized, to pay his own debt.

[2. Whether the fact that the husband had died before the trial would render incompetent the testimony of the defendant as to the offer by said husband, in plaintiff's presence, to sell the note, is not determined.]

3. Where, upon the undisputed evidence, the successful party was entitled to judgment, errors in the charge to the jury are immaterial.

APPEAL from the Circuit Court for *Rock* County.

The husband of the plaintiff (since deceased) delivered to the defendant for collection a promissory note, given by a party in Iowa, for $100, and interest, payable to the plaintiff. The defendant collected the note, and gave the

husband credit for the amount in an account against the latter of a manufacturing company, of which the defendant was secretary.    This action was brought to recover the proceeds of such note.

On the trial the court rejected testimony offered by the defendant to show that the husband of the plaintiff, when he so delivered the note for collection, directed the defendant to give him credit for the proceeds on the account which the company had against him; and also to show that the husband had theretofore claimed to be the owner of the note (but not in the presence of the plaintiff), and had offered to sell the same to others.

The court also rejected the offered testimony of the defendant, when testifying as a witness in his own behalf, to the effect that recently, before the note came to his hands, he had a conversation with the husband, in the presence and hearing of the plaintiff, in which the husband, who then produced the note, said that he owned it, and offered to sell it to the defendant.

The jury returned a verdict for the plaintiff; a motion for a new trial was denied, and judgment for the plaintiff, for the proceeds of the note, was entered, pursuant to the verdict.    The defendant appeals from the judgment.

For the appellant there was a brief by *Winans, Fethers & Jeffris*, and oral argument by *Mr. Fethers*.

For the respondent there was a brief by *Norcross & Dunwiddie*, attorneys, and *John W. Sale*, of counsel, and oral argument by *Mr. Dunwiddie*.

LYON, J.    There is no question in the case of the agency of the plaintiff's husband as respects the disposition of the note in controversy.    On the trial the defendant expressly repudiated any such agency, and rested his defense on the proposition that her husband, and not the plaintiff, was the owner of the note.    It is very clear that no statement or

admission of the husband, or any third person, in respect to such ownership, not authorized by the plaintiff or subsequently ratified by her, is binding upon her. Hence testimony of such statements or admissions was properly ruled out by the court. There is no proof, and no attempt was made on the trial to prove, that plaintiff authorized her husband to direct the proceeds of the note to be credited on his account, or that she ever ratified such direction. The controlling question litigated upon the trial was, Did the plaintiff own the note when it was delivered to and collected by the defendant?

There is no claim that the note was sold to the defendant, or that he paid any consideration or parted with anything on account of it. He merely passed the amount of the proceeds to the credit of the plaintiff's husband. When it is judicially determined that she owned the note, that credit is canceled, and ceases to have any effect. Hence no question growing out of the peculiar qualities and incidents of commercial paper is in the case. Were this an action to recover the proceeds of the sale of a horse or a piano, instead of the proceeds of a negotiable promissory note, no other or different rule of law would be applicable. In the case supposed, if the plaintiff owned the horse or piano, she would be entitled to the proceeds thereof. So, in the present case, if she owned the note, she is in like manner entitled to the proceeds.

The note was payable to the plaintiff or bearer, and she testified it was her property. This made a *prima facie* case for the plaintiff. The case so made was not controverted, or attempted to be, by any direct testimony. No witness testified that the note was given for a debt due the husband, or that he paid the consideration, or that he was or ever had been the owner of it. The only testimony offered to controvert the plaintiff's title to the note was the offer to show (1) the unauthorized statements of the hus-

band in respect thereto, made in her absence (which we have already seen were properly rejected); and (2) his statement on the same subject, made in her presence, when he was trying to sell the note to the defendant.

Had the defendant purchased the note on the faith of the husband's assertion of ownership,— the plaintiff hearing the assertion and remaining silent,— probably the plaintiff would be estopped to allege ownership of the note in herself. But we have no such case. The defendant did not act on the faith of the representation at all, but expressly declined to do so, as appears by the terms of the offer.

It is maintained, however, on behalf of the defendant, that the testimony should have been received as an admission, or as in the nature of an admission, by the plaintiff that her husband owned the note. We do not think her mere silence on that occasion, when her husband was trying to sell the note to the defendant, can be taken as an admission that, failing to sell it, he might use the proceeds of it, afterwards realized, to pay his own debt. She might have been willing that he should then sell it to the defendant, trusting to her husband to pay over the proceeds of the sale to her, and failed to assert her ownership for that reason, when, had the proposition been that the defendant should collect the note and apply the proceeds on an existing indebtedness of her husband, she might have asserted her ownership of the note, and thus have defeated the proposed arrangement. The silence of the plaintiff when her husband claimed to own the note, in order to amount to an admission by her of such ownership, must have occurred under circumstances which would properly and naturally call for some action or reply from her, or it is no admission. 1 Greenl. Ev. § 197, and notes. We find no such circumstances here. The offer to sell the note was a transaction so entirely different from that of diverting the proceeds thereof to the

payment of an existing debt of the husband, and the course of conduct which might naturally and reasonably be expected of the plaintiff in the two transactions is so essentially dissimilar, that her silence during one of them should not be held an implied admission on her part in the other. We conclude that the offered testimony was properly rejected.

We gather from the record and argument that the learned circuit judge ruled against the proposed testimony on the ground that it related to a transaction with a deceased person, in regard to which the defendant was not a competent witness. We greatly doubt whether that is a valid ground for the ruling. It rather seems to us that the transaction sought to be proved was with the plaintiff — her deceased husband having only been connected with it incidentally. The testimony being inadmissible on other grounds, it is not necessary to determine the question.

The offered testimony having been properly rejected, there is really no testimony in the case controverting the *prima facie* proof on the part of the plaintiff that she owned the note and was entitled to the proceeds thereof. She was therefore entitled to recover on the undisputed evidence. This being so, it is quite unnecessary to consider the charge of the court to the jury, or the refusal to give certain instructions proposed on behalf of the defendant. If such charge or refusal was erroneous, it did not and could not prejudice the defendant, and is not ground for a reversal of the judgment. *Van Trott v. Wiese,* 36 Wis. 439; *Dufresne v. Weise,* 46 Wis. 290; *Shoemaker v. Hinze,* 53 Wis. 116.

*By the Court.*— The judgment of the circuit court is affirmed.