## PROVIDENCE COUNTY.

---

### JAMES H. MORRISSEY *vs.* PROVIDENCE TELEGRAM PUBLISHING COMPANY.

To charge in writing that a man is an "ex-convict" is libelous, since its effect is to degrade him in public estimation, and no *colloquium* is necessary.

TRESPASS ON THE CASE for libel.    Certified from the Common Pleas Division on demurrer to the declaration.

*June* 11, 1895.    MATTESON, C. J.    To charge in writing that a man is an ex-convict is libelous, since its effect is to degrade him in public estimation.    *State* v. *Spear & Corbett*, 13, R. I. 324.    The word "convict," as ordinarily used carries with it the idea that the person of whom it is spoken is guilty of crime of such infamous character as to be punishable by imprisonment in the state prison, and of such imprisonment, and, therefore, is to be taken *prima facie*, as importing guilt of such crime and imprisonment in consequence.    The prefix "ex," denoting that the convict has served out a sentence for crime or been pardoned does not take away its libelous effect.    In *Boston* v. *Tatam*, Cro. Jac. 622, it is said, "It is a great slander to be once a thief ; for although a pardon may discharge the punishment, yet the scandal of the offence remains."    And see *Cuddington* v. *Wilkins*, Hobart 81 ; *Van Ankin* v. *Westfall*, 14 Johns. 233 ; *Eastland* v. *Caldwell*, 2 Bibb, 24 ; *Shipp* v. *McCraw*, 3 Murph. 466 ; *Smith* v. *Stewart*, 5 Barr, 372 ; *Beck* v. *Stitzel*, 21 Pa. St. 524 ; *Poe* v. *Grever*, 2 Sneed, 664.

The natural import of the charge being defamatory no

*colloquium* or prefatory statement is necessary. *State* v. *Spear & Corbett*, 13 R. I. 327.

Demurrer overruled and case remitted to Common Pleas Division for further proceedings.

*Edward D. Bassett & Edward L. Mitchell*, for plaintiff.

*Charles A. Wilson & Thomas A. Jenckes*, for defendant.