WHEATLEY *v.* STROBE, AND WILCOXSON *et al.*, INTERVENORS.

The following written order possesses all the requisites of an inland bill of exchange: "MR. STROBE :—Please pay the bearer of these lines two hundred and thirty six dollars, and charge the same to my account."

The insertion of the word "*please*" does not alter the character of the instrument.

Such an order being a bill of exchange, the written acceptance of the party to whom it is addressed, is necessary to charge him as acceptor under our statute. His verbal acceptance is not sufficient.

Where the order is given for a valuable consideration, and for the whole amount of the demand against the drawee, though worthless as a bill, it operates as an assignment of the debt or fund against which it is drawn.

The want of a written acceptance does not affect the right of the payee to the money due, but only the mode of enforcing it. With the acceptance he could have sustained an action upon the order; without it he must recover upon the original demand by force of the assignment.

After the delivery and presentation of the order, the debt due by the drawee could not be reached on attachment issued by the creditors of the drawer. As against any attempt by them to enforce its payment upon any such proceeding, the order would be an effectual protection, as it would also against the suit of the assignor to collect the amount, unless such suit is prosecuted for the benefit of the assignee.

APPEAL from the Sixth District, County of Sacramento.

This was an action of assumpsit to recover a sum of money. The facts as they appear in the opinion of the Court, are as follows :

As appears from the record in this case, Strobe was indebted to Wheatley, and Wheatley to Howel, and Howel to Wilcoxson & Co. To pay his debt, Wheatley gave Howel an order on Strobe for $236, payable to bearer. This order is not set forth in the record, but is admitted by counsel to be in the following form :

"SAC. CITY, July 18, 1857.

MR. STROBE :—Please pay the bearer of these lines two hundred and thirty-six dollars, and charge the same to my account.

E. D. WHEATLEY."

On the twenty-fifth of July the order was presented to Strobe, and by him was verbally accepted. No acceptance in writing was made.

Soon afterwards Wilcoxson & Co., whose demand against Howel was in judgment, and upon which they had previously issued execution, garnisheed the debt, if any, due by Strobe to Howel, by virtue of this order. Subsequently Wheatley commenced the present suit against Strobe to recover the original debt. Strobe admitted the original indebtedness, but set up the order, his verbal acceptance, and the garnishment of Wilcoxson & Co., and prayed that Howel and Wilcoxson & Co. might be made parties, and he be allowed to pay the amount into Court. Wilcoxson & Co. filed a petition of intervention, setting up substantially the same facts, with the additional fact that the order was given for a debt due by Wheatley to Howel, and asserting a right to the amount of the debt by virtue of their garnishment, and praying judgment in their favor for the same. The plaintiff demurred to the answer of Strobe ; the demurrer was sustained, and, with the judgment entered thereon, the petition of intervention was denied. Defendant appealed to this Court.

*P. L. Edwards* for Appellant.

I. At common law a parol acceptance of a bill of exchange was sufficient. Story on Bills of Exchange, 291, sec. 242 ; Byles on Bills of Exchange, page 237.

If, however, the paper under examination is a bill of exchange, then it comes within the provisions of our statute, and a parol acceptance is insufficient to bind the acceptor, and of consequence, for the want of mutuality, it cannot bind the other parties. Wood's Digest, p. 72, sec. 6.

That this paper is not a bill of exchange, is apparent from the considerations :

1st. It is essential to a bill or note, that it be payable in money only, at all events not out of a particular fund. It must direct the payment of the money without condition and at all events. Byles on Bills of Exchange, 59 and 154, note ; Story on Bills of Exchange, p. 60, sec. 46.

A case in all respects similar, if not identical with this, is that of Little v. Shackford, 21 Eng. Com. L. R. 498, to which attention is particularly invited.

2d. The terms of the paper express the request to pay as a favor, and are not those of mere civility. If so, there is no absolute direction for the payment of the money, and it is therefore not a bill of exchange. Story on Bills of Exchange, 47, sec. 33. Byles on Bills of Exchange, 59–60 and notes.

II. If the instrument is not a bill of exchange, what is it ? or is it anything ? If anything, it is an order or request for the payment of money, and although defective and worthless as a bill of exchange, still it may be evidence of a valid agreement. Byles on Bills of Exchange, 155.

A owes B a sum of money, and B owes C the like sum, and the three agree that B shall be discharged, and that A shall pay the sum directly to C ; the contract is without the statute of fraud, and in every way valid. Chitty on Contracts, 451, 453.

The release of the legal right which the respondents had against Strobe, was a sufficient consideration for the promises of the latter to pay to Howel, and binds all. 1st Parsons on Contracts, 369.

It was not necessary that all the parties should be present together, and assenting to the agreement. It was sufficient that all assented before any withdrawal of the proposition. In this view the order was a proposition on the part of the respondent to pay his debt to Howell by the promise of Strobe. The respondent assented by *giving the order ;* Howel assented by receiving *it,* and Strobe assented by *accepting and agreeing to pay* Howel instead of respondents. Thus there was a sufficient consideration without the statute of fraud, and the debt became one owing directly from Strobe to Howel, which was the subject of garnishment by the Messrs. Wilcoxson & Co.

III. In any view it will be difficult to resist the conclusion that the drawing and delivery of the order operated as an assignment of the demand from the respondents in favor of Howel against Strobe. The rule is, that when the *drawee* of an order is the debtor of the *drawer,* then the order is to be regarded as an assignment of the debt. Quin v. Hanford, 1 Hill N. Y., 82 ; Byles on Bills of Exchange, 59–60, and notes.

Besides, the case shows that it was the intention to draw for the whole of the *particular fund,* to wit, the whole of the indebtedness

from Strobe to the respondents, for wood sold and delivered; and "where an order is drawn for the whole of a *particular fund*, it amounts to an equitable assignment of the fund." Mandeville *v.* Welch, 5 Wheat. R. 286.

See the whole question satisfactorily settled in 3 Leading Equity Cases, 206, 233.

IV. We submit that the *whole* controversy, in all its aspects, could and *ought* to have been determined in this action. In support of the view presented on this point, we think it unnecessary *to cite* any authorities other than that of Van Buskirk, Admr. *v.* Roy, (8 How. Prac. R. 425); Voorhies' New Code, (Ed. of 1855, p. 119, note *d*) and keeping in view the difference between our statute and that of New York, 1 Whitaker's Practice, 82, 83, 84.

*H. H. Hartley* for Respondents.

The paper drawn on Strobe by Wheatley was an inland bill of exchange; it had all the requisites to make it such; it was in writing, contained an order to pay absolutely a certain sum of money, and was directed to a certain party. Story on Bills, 33.

The insertion of the word *please* in the order does not vary its effect; the using of terms of politeness in a commercial paper is not to be construed into asking a favor and not demanding a right.

A drawing of a bill will be deemed a demand of a right, not asking a favor, where the language is susceptible of two interpretations; when it is deemed as a favor only, the language used must repel in an unequivocal manner, the presumption it was claimed as a right. Story on Bills, sec. 33.

The case of Settle *v.* Shealford, 22 Eng. Com. L. R. 498, is commented on in the foot note to Story on Bills, sec. 33, and very properly doubted as sound law; numerous authorities are there referred to, which held a different doctrine. Ruffo Webb, 1 Espin. R. 129; Chitty on Bills, 150, 151, 175.

In France the word *please* is always used; "*Il vous plais payer*," etc. *Diet du Natorial art. Letter de Change, Tom.* 4, *p.* 592, 593.

The paper was therefore a good bill of exchange. It was held in England in Sproat *v.* Mathers, 1 Term Rep. 482, that a parol

acceptance of a bill was good, but the law in England has been changed by 1 and 2 Geo. IV., chap. 78. After that Act no acceptance was valid, save in writing; but this is regulated by statute in our own State. Wood's Dig., p. 72, art. 182, sec. C, enacted that no person shall be charged as an acceptor of a bill of exchange unless his acceptance is in writing, and signed by himself or agent.

Strobe not having accepted the bill, therefore was not in any manner bound upon it to any person whatsoever.

The bill or order being payable to bearer, and if accepted at all, only accepted in favor of the bearer or holder who should present it for payment, was not the subject of garnishment by the intervenors. The payor of a negotiable instrument cannot be garnisheed. Cal. Rep. p.

By the acceptance, if it can be claimed such, the appellant Strobe bound himself to pay the bearer of the note, and not Howel the debtor of the intervenors—the lawful holder of the bill who could only take advantage of the acceptance. Story on Bills, sec. 113.

It is sufficient answer to the second point made by appellant, that the paper, if it was not a bill, certainly, till the payment, did not operate as a discharge of Strobe's debt to Wheatley, he, at most, by his promise only agreed to pay the holder of the order on presentation. There was no promise absolutely to pay Howel, nor even were that so, would it operate so as to prevent Howel from returning the order to the drawer Wheatley, and demanding from him its amount.

The drawing of the order or bill could not operate as an assignment of the debt, so as to vest it in Howel, because there was no assent of Howel so to receive it; and even did it so operate, there was nothing in the transaction to limit and confine it between Howel and Strobe. Howel could have disposed of it to an innocent purchaser, who could have fallen back and claimed the amount from the original drawer, as was done in this case.

The intervenors had no right to come into Court and litigate between parties plaintiff and defendant.

A garnishment is no defense except between actual parties.

Wilcoxson has fixed the liability of Strobe, if he is at all liable, and he must decide that for himself.

The demurrers were properly sustained, and the judgments of the Court below were correct.

FIELD, J., after stating the facts, delivered the opinion of the Court —TERRY, C. J., and BALDWIN, J., concurring.

Upon the facts in this case the appellants make two points : *First.* That the verbal acceptance of Strobe was sufficient to render him liable to Howel upon the order of Wheatley; and, *Second.* If this be untenable, that the order operated as an equitable assignment of the demand against Strobe, which thus became subject to attachment as the property of Howel.

The first of these points cannot be sustained. The order possesses all the requisites of an inland bill of exchange. It contains a direction for the payment of money by one person to another, absolutely and at all events. As no time is specified, it is to be taken as payable at sight. No further particulars than these are essential to constitute a bill of exchange. The insertion of the word "*please*" does not alter the character of the instrument. This is the usual term of civility, and does not necessarily imply that a favor is asked. Story on Bills, sec. 33 and notes; 3 Kent, 74.

The order being a bill of exchange, the written acceptance of Strobe was necessary to charge him as acceptor under the statute. His verbal acceptance was insufficient. Act concerning Bills of Echange, sec. 6. Upon the order, therefore, he is not liable.

But the second point is well taken. The order, though not available as a bill of exchange against Strobe for want of acceptance, operated as an equitable assignment of the demand of Wheatley to Howel. It was given for an antecedent debt, and for the full amount of the demand against Strobe ; the consideration was valuable, and there was no splitting of the amount due into distinct and different causes of action; and in such cases it is well settled that an order, whether accepted or not, operates as an assignment of the debt, or fund against which it is drawn.

The want of a written acceptance does not affect the right of Howel to the money due, but only the mode of enforcing it. With the acceptance he could have sustained an action upon the order ; without it he

must recover upon the original demand by force of the assignment. Under the old common law practice, the action could only be maintained in the name of the assignor for the benefit of the assignee, but under our system it may be brought in the name of the assignee as the party beneficially interested. Courts of law, equally with Courts of equity, gave effect to assignments, like the one under consideration, by controlling the proceeds of the judgments recovered for the benefit of the assignee. Mandeville *v.* Welch, 5 Wheat. 227 ; Corser *v.* Craig, 1 Wash. C. C. 427 ; Blin *v.* Prince, 20 Vt. 25 ; Wheeler *v.* Wheeler, 9 Cowen, 34; Nesmith *v.* Drum, 8 Seargt.. & Watts, 9 ; Robins *v.* Bacon, 3 Greenl. 346 ; Adamson *v.* Robinson, 1 Pick. 461.

After the delivery and presentation of the order, the debt due by Strobe could not be reached on attachment issued by the creditors of Wheatley. As against any attempt by them to enforce its payment upon any such proceeding, the order would be an effectual protection ; and we do not perceive why it should not equally avail as against the suit of the assignor himself, unless it is made to appear that such suit is prosecuted for the benefit of the assignee. Drake on Attach., chap. 37 ; Black *v.* Paul, 10 Mo. 103 ; Lovely *v.* Caldwell, 4 Ala. 684 ; Corser *v.* Craig, 1 Wash. C. C. 424.

In this State, all actions are required, with some few specified exceptions, to be brought in the name of the real party in interest, (Prac. Act, sec 4). In the present case, upon the facts alleged in the answer, and which are admitted by the demurrer to be true, it is clear that the plaintiff is not the real party in interest, and there is no allegation in the complaint that the suit is prosecuted for the benefit of Howel. A judgment recovered by Wheatley after the presentation of the order, without notice to the assignee, would be no protection to the defendant against a suit by the assignee for the same demand.

The position of the defendant is not unlike that of a party summoned as garnishee, after receiving notice of an assignment by his creditor of the demand ; if he fails in answering to set up the assignment, and judgment in consequence passes against him as a debtor of the assignor, it will not afford protection against a suit by the assignee. Nugent *v.* Opdyke, 9 Robinson, 453 ; Crayton *v.* Clark, 11 Ala. 787 ; Foster *v.* White, 9 Porter, 221.

Upon the facts set up in the answer, we are of opinion that the prayer of the defendant should have been granted ; that he should have had leave to deposit the amount in suit in Court, and that process should have issued to bring in Howel, and that Wilcoxson & Co. should have been allowed to intervene.

The rights between the plaintiff and Howel to the demand due by Strobe, should be first determined, and afterwards the claim asserted by the intervenors disposed of. This claim, of course, can only be a matter for consideration in case the money is adjudged to have been at the time of the alleged attachment the property of Howel. Van Buskirk, Adm. v. Roy, 8 How. Prac. 425.

Judgment reversed, and cause remanded for further proceedings.