Shoemaker vs. Hinze.

SHOEMAKER vs. HINZE.

*September 28 — October 18, 1881.*

CONTRACTS. *(1) Bailment or general deposit?*
REVERSAL OF JUDGMENT. *(2) When judgment not reversed for erroneous instructions.*

1. Where money of A. is left by him for safe-keeping with B., with the understanding, not that the identical money shall be kept for and returned to him, but only that a like sum shall be repaid him by B., this is not a bailment or special deposit, but a general deposit, in the nature of a loan; and B. is absolutely liable to A., in assumpsit, for an equal sum, although the money may have been lost without his fault.

2. A judgment which is clearly right on the undisputed facts, will not be reversed for erroneous instructions.

APPEAL from the Circuit Court for *Waukesha* County.

The action is to recover $40, which the complaint alleges "the defendant received from the plaintiff, as his agent, . . .

to the use of the plaintiff." Demand of payment thereof before action, and neglect of the defendant to pay the same, are also alleged. The answer, in addition to the general denial, is in substance that the money was received by the defendant as a bailment, without compensation, and that it was stolen from him without his fault or neglect. The case is further stated in the opinion. The plaintiff recovered, and the defendant appealed from the judgment.

*J. V. V. Platto*, for the appellant.

*D. H. Sumner*, for the respondent.

LYON, J. The uncontradicted evidence is, that the plaintiff, when at work for the defendant, requested the defendant to take care of $40 in money for him. After some hesitation, the defendant consented to do so, and received the money. The defendant thereupon, presumably in the presence of the plaintiff, placed the money, with other money of his own, in his wallet. The next day the defendant took a small amount of money from the wallet for use, and in the evening of that day added $100 of his own money to that remaining therein. The evidence tends to show that during the same night the wallet and contents were stolen from the defendant's vest pocket, in which he had placed the same. We think the evidence shows conclusively that the parties did not contemplate or understand that the same identical money received by the defendant was to be kept for and returned to the plaintiff on demand, but only that a like sum of money should be repaid by the defendant. The transaction is not, therefore, a bailment or special deposit, but rather what, in commercial language, is termed a general deposit, which is not a bailment, but is in the nature of a loan. Story on Bailments, §§ 41, note 2, 88. So we think the liability of the defendant in this case is precisely the same as the liability of a bank for a general deposit made with it; that is, he is not liable in tort for the money, but is liable in *assumpsit* for a sum equal to the

sum deposited.   His liability is absolute, and it is immaterial that the money was lost without his fault.   The instructions to the jury related solely to the law of bailment.   The view we take of the case renders it unnecessary to determine whether the judge gave the law correctly or not; for on the undisputed facts the plaintiff was entitled to recover, and the defendant could not have been injured by any error in the charge.   *Van Trott v. Weise,* 36 Wis., 439; *Dufresne v. Weise,* 46 Wis., 290.

*By the Court.*— The judgment of the circuit court is affirmed.