Johnson, C. J.
The Merchants’ National Bank claims no interest in this fund. As between the assignees in insolvency, who claim under the deed of assignment from Harvey & Sons, dated November loth, and the City National Bank, who claim as owners and payees of the draft of November 8th, it is an indifferent party seeking only to be protected against a double payment.
The assignees of Harvey & Sons stand in their shoes, and have only their rights in the premises.
This draft is negotiable in form and was for the whole fund in the hands of Brookbank & Co. It would doubtless have been accepted and paid, but it appears that before it reached the drawees and before they knew of its existence, they remitted the same debt by a certified check to Harvey & Sons. It is clear that this draft, though purchased in good faith, and in the usual course of business, did not as against the drawees, operate as an assignment either legal or equitable of the amount owing by them to Harvey & Sons, until presented and accepted, or at least until they had notice of its existence, so as to defeat the payment they had made before notice of its existence. Therefore, their remittance to Harvey & Sons by-certified check before notice of the draft, and the acceptance of that check as payment by Harvey & Sons, or its payment if not so accepted, was a satisfaction of the debt, and discharged the drawees from all obligation to accept or pay the same. Eor this reason the holders of the draft can make no claim against the drawees for non-acceptance or non-payment.
At the time the draft reached them, they did hot owe the drawers, and were then under no obligation to accept or pay.
If, however, as between Harvey & Sons'and the City National Bank, the latter acquired the right to the fund, by way of equitable assignment had it remained in the hands of the drawees, then it is conceded that the payment of the amount by the drawees to Harvey & Sous and its deposit by them in *604 the Merchants National Bank to their credit, did not divest that right.
Had the Merchants’ National Bank without notice of this draft, applied this deposit to a debt due them, or to the payment of checks drawn against it, no claim against the bank could bo made. This bank, however, makes no claim to the fund. Its duty is to keep it safely and pay to whomsoever is entitled to receive it. The only rights to be adjudicated are those of the drawers and the payees of the draft.
As this draft was for the whole amount due from the drawees to the drawers, and was drawn for the purpose of enabling the drawers to discount the same, and to enable them to realize thereon in advance of actual payment by the drawees, we hold that it was the manifest intention of the drawers to transfer to the pajme and purchaser the absolute right to receive from the drawees that amount, and that as between the drawers and the payee and purchaser for value, it was an equitable assignment of the fund.
We are further of opinion that when the drawers received the certified checks of the drawees for the amount, it in equity belonged to the holder of the draft, and that their deposit of it to their own credit with their banker, was as against the holder of the draft, a wrongful conversion, aud did not defeat the right to follow the fund in the hands of the Merchants’ National Bank, it having acquired no right to the same, nor to the money collected thereon after the deed of assignment.
Strictly speaking, Brookbank & Co., the drawees, paid this money on the 17th, two days after the assignment; so that whether we regard the deposit of the check by Ilarvey & Sons, to their credit on the 12th as a conversion, or the date of its actual payment on the 17th as the time of such conversion, the result is the same, as in either event the right of the holder of the draft by way of equitable assignment is the same, no intervening right having attached.
We are- not called on to consider the rights of the payee against the drawer of such an unaccepted draft, nor how far it would operate against such drawer, when it was- for part only of the amount owing by the drawee, neither do we think *605 the fact that it was negotiable makes any difference. The payee had the right to suppose that the drawers had that amount in the drawee’s hands, as in fact he liad, and on the faith of this, he purchased the draft in good faith in due course of business, and for a valuable consideration. As between drawer and payee, it is clear that it was the intention that the draft should operate, and did operate as an assignment of the fund in the drawee’s hands. 1. Daniels on Negotiable Inst, sec. 16, 17; Gibson v. Gooke, 20 Pick, 15; Story on Pills, sec. 13; Chitty on Bills, page 2, 12th Ed.; Whealthy v. Strober, 12 Cal. 92; Robbins v. Baem, 3 Maine, 315; Mandeville v. Welch, 5 Wheat. 277.
The cases cited and relied on by plaintiff in error do not militate against our conclusion.
They are either cases where other rights have intervened9 as in case of attachment of the proceeds in the drawee’s hands before acceptance, as in Kimball v. Donald, 20 Mo. 577, or of bills drawn against shipments, when the holders did not take an assignment of the bill of lading, and the contest was over the goods or their proceeds, subsequently coming to the possession of the drawee, as was the case of Cowperthwaite v. Sheffield, 3 N. Y. 243, or where the bill of exchange was for part of a general fund, or was drawn against an account current when the drawee before presentment or acceptance had made other disposition of the fund. In these cases courts have properly held no transfer of a sum named in the bill took place that would render the drawee liable.
2. But it is claimed that as the balance in the Merchants’ National Bank at the close of business on the 12th of November, after this check was deposited, was reduced to $203.88 that is the true amount for which judgment should have been rendered.
Por’the purposes of this case, the Merchants’ Bank was only bailee or agent of Harvey & Sons and their assignees.
When Harvey & Sons received this check, common honesty would have dictated that they turn it over to the payee of their draft. Their conversion of it to their own use gave them no right to the money it called for.
*606 When it was actually paid on the 17th, the money belonged to the City National Bank, but was credited to Harvey & Sons, who had assigned two days before. The fact that they had a credit for it on the 12th, and had drawn out part of the amount on that day, which was made good by them the next, cannot, as between drawer and payee, change or defeat the right of the latter to the proceeds of the check collected on the 17th. *

Judgment affirmed.