[L. A. No. 4924.   Department One.—July 5, 1919.]

## FIDELITY SAVINGS & LOAN ASSOCIATION (a Corporation), Plaintiff and Respondent, v. MARY C. RODGERS, Executrix, etc., Defendant and Appellant; Z. L. PARMELEE, Defendant and Respondent.

[1] Interpleader—Pleading—Sufficiency of Complaint.—In an action in interpleader, the objection of one defendant that the complaint is insufficient, because it does not state facts showing that the claims of the other defendant are well founded, is of no force.

[2] Id.—Requirements of Plaintiff.—Section 386 of the Code of Civil Procedure, which authorizes an action in interpleader, requires nothing more of the plaintiff than to show that the parties to be called in make claims on him for the same thing, that the respective claims are adverse to each other, and that he cannot safely determine for himself which claim is right and lawful.

[3] Deposit—Money for Exchange or Credit — Relationship of Parties.—The effect of a general deposit for exchange or credit is to create the relation of debtor and creditor, the title to the money passing to the person with whom it is deposited and such person becoming the debtor of the depositor for the amount thereof.

[4] Id.—Order for Payment of Money—Nature of Instrument—Written Acceptance Essential.—A written instrument executed and delivered by a depositor of money to the person named in such instrument as payee in the following words:

"Los Angeles, Cal., Nov. 8th, 1915.

"Received of Fidelity Savings & Loan Association $3,500.00 thirty-five hundred and no/100 dollars.

"Charge to account of Sarah C. Rounds.

"Pay to Z. L. Parmelee.

"Sarah C. Rounds."

—was an order by a creditor to a debtor to pay the debt, or a part thereof, to a third person, and being in legal effect a bill of exchange, it did not create a legal obligation from the debtor to the third person until it was accepted by the debtor, and such acceptance could not be made except in writing.

[5] Id.—Valuable Consideration—Equitable Assignment.—If such an instrument had been given for a valuable consideration, it would have operated as an equitable assignment and could have been enforced as such.

[6] Id.— Order for Payment of Money—Gift—Insufficient Equitable Assignment.—An order or writing for the payment of money or the delivery of property which does not by its legal effect constitute an assignment and which is executed as a gift and for no

*other consideration, will not be upheld or enforced as an equitable assignment.*

[7] GIFT — UNCOMPLETED ATTEMPT NOT ENFORCEABLE. — An uncompleted attempt to make a gift does not vest any right to the thing in the donee, and it cannot be enforced by action in the courts.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Grant Jackson, Judge.   Reversed.

The facts are stated in the opinion of the court.

Slosson & Mitchell for Defendant and Appellant.

Milton K. Young and Byron Coleman for Plaintiff and Respondent.

Porter & Sutton for Defendant and Respondent.

SHAW, J.—This action was begun by the filing of the complaint of the plaintiff asking that the defendants be required to interplead and litigate among themselves their several adverse and conflicting claims to the sum of three thousand five hundred dollars in possession of the plaintiff and which it offered to pay into court for the party found to be entitled thereto.   Such an action is authorized by section 386 of the Code of Civil Procedure.

[1] The objection of the appellant, Rodgers, that the complaint in interpleader is insufficient, because it does not state facts showing that the claims of Parmelee, the other defendant, is well founded, is of no force.   If this was required it would result in an absurdity which would defeat the right in any case to maintain such an action.   The claims being adverse, both parties defendant could not have the right to the thing.   If the plaintiff who calls them in must state a good case for one, he must, for the like reason, state a good case for the other, and as both could not have the right to the thing, this would be impossible.   If his statement showed that one had the right and the other had not, a plaintiff could not support the interpleader, for he would then show his ability to decide the matter and thus put himself out of court.   [2] Because of these considerations, the code requires nothing more of him in this respect than to show that the parties to be called in make claims on him for the same thing, that the

respective claims are adverse to each other, and that he cannot safely determine for himself which claim is right and lawful.

, The two defendants appeared and each filed a separate answer setting up the respective claims to the money. The court below made findings and gave judgment declaring the defendant, Parmelee, entitled to the money. From this judgment defendant Rodgers, as executrix of the estate of Sarah C. Rounds, deceased, appeals.

The court found the facts to be as follows: Before the demands were made upon it, Sarah C. Rounds deposited with plaintiff a sum of money exceeding three thousand five hundred dollars. She made an order in the following words:

"Los Angeles, Cal., Nov. 8th, 1915.

"Received of Fidelity Savings & Loan Association $3,500.00 thirty-five hundred and no/100 dollars.

"Charge to account of Sarah C. Rounds.

"Pay to Z. L. Parmelee.

"SARAH C. ROUNDS."

On November 9, 1915, she executed and delivered said order to defendant, Z. L. Parmelee. This was given to him in trust to collect the money from the plaintiff and apply the same in constructing a building at Gardena, California, to be used as a school for Spanish and Mexican boys and to be known as the "Sarah C. Rounds Industrial Building." There was no other consideration for the order. Before the execution of this order, the plaintiff furnished the form on which it was written and approved the same as the proper form and instrument for transferring three thousand five hundred dollars from the account of said Sarah C. Rounds to the said Parmelee. On November 9, 1915, and again on November 12, 1915, Parmelee presented said order to the plaintiff and demanded payment thereof, but payment was refused each time by plaintiff, for the reason that plaintiff had been warned by some friend of Mrs. Rounds that she was not of sound mind. This was not true. The court found that she was of sound mind. Sarah C. Rounds died on December 8, 1915, one month after the date of said order. Defendant Rodgers is the executrix of her estate, and as such demanded the money from plaintiff.

Neither the pleadings nor findings show the corporate character of plaintiff, nor the business in which it was engaged. It does not appear that it was a bank of any kind, consequently

we cannot consider any rules of law applicable exclusively to banking transactions. Nowhere in the record is it expressly stated whether the money deposited by Mrs. Rounds with plaintiff was received by it as a mere bailment of the identical money, or as a credit in her favor. The expressions used, however, show that it was regarded and treated by her as an "account" in her favor against the plaintiff, to be paid out by it on her order, and as both parties have discussed the case solely upon the theory that it was a general deposit for exchange or credit, we will assume that such was its character. [3] The effect of such a deposit is to create the relation of debtor and creditor between the two parties concerned, the title to the money passing to the person with whom it is deposited and such person becoming the debtor of the depositor for the amount thereof. (Civ. Code, secs. 1818, 1878; *Shoemaker* v. *Hinze,* 53 Wis. 116, [10 N. W. 86]; *Talladega Ins. Co.* v. *Landers,* 43 Ala. 115.)

[4] The instrument executed by Mrs. Rounds to Parmelee was, therefore, an order by a creditor to a debtor to pay the debt, or a part thereof, to a third person. Although it contains many unnecessary words, it is, in legal effect, a bill of exchange. (*Wheatley* v. *Strobe,* 12 Cal. 92, 97, [73 Am. Dec. 522]; Civ. Code, sec. 3171.) It does not purport to transfer to Parmelee the title to the money mentioned nor to the debt or obligation of the plaintiff to repay the same to her, but merely directs the plaintiff to pay to Parmelee the said sum of money. Consequently it is not in form, or in legal effect, a present assignment to Parmelee of the right or title to the money or to the obligation therefor. (*Cashman* v. *Harrison,* 90 Cal. 302, [27 Pac. 283]; *Lawrence Nat. Bank* v. *Kowalsky,* 105 Cal. 43, [38 Pac. 517].) Being in legal effect a bill of exchange, it did not create a legal obligation from plaintiff to Parmelee until it was accepted by the plaintiff and such acceptance could not be made except in writing. (Civ. Code, sec. 3193; *Wheatley* v. *Strobe, supra.*) It was not accepted in any manner, consequently it does not constitute a direct obligation on the part of the plaintiff to pay the money to Parmelee. It is executory in character, a mere order directing that the money be paid by plaintiff to Parmelee, but accomplishing no transfer of title until the intended transaction should be completed by a transfer of the possession, or, it may be, by the written acceptance of the plaintiff. [5] If

it had been given for a valuable consideration, it would have operated as an equitable assignment of the demand of Mrs. Rounds against the plaintiff for the sum of money, and could have been enforced as such. (*Wheatley* v. *Strobe, supra; Pope* v. *Huth,* 14 Cal. 406; *Pierce* v. *Robinson,* 13 Cal. 121; *Joyce* v. *Wing,* 87 Cal. 424, [25 Pac. 545] ; *Curtner* v. *Lyndon,* 128 Cal. 36, [60 Pac. 462].)    But it was intended as a gift in trust and was without valuable consideration.   [6]   It is the settled doctrine that an order or writing for the payment of money or the delivery of property which does not by its legal effect constitute an assignment and which is executed as a gift and for no other consideration, will not be upheld or enforced as an equitable assignment.   (*Pullen* v. *Placer County Bank,* 138 Cal. 175, [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83] ; *Brokaw* v. *Brokaw,* 41 N. J. Eq. 221, [4 Atl. 66] ; 5 Cor. Jur., p. 931.)

From the foregoing it is clear that the transaction shown by the facts found, and enforced by the judgment, was nothing more than an uncompleted attempt by Mrs. Rounds to make a gift of the money to Parmelee, in trust for charitable purposes.   There is nothing to show any actual present transfer by way of verbal gift accompanied by a delivery of the means of obtaining possession, or a symbolical delivery of possession, so as to make a valid gift under section 1147 of the Civil Code. It does not appear that Mrs. Rounds and Parmelee had any conversation about the matter, or that there was any communication between them other than the said written order. [7]   An uncompleted attempt to make a gift does not vest any right to the thing in the donee, and it cannot be enforced by action in the courts.   The court below was in error in its conclusion that Parmelee was entitled to the money.

The judgment is reversed.

Lawlor, J., and Olney, J., concurred.

Hearing in Bank denied.

All the Justices concurred.