[S. F. No. 9453. In Bank.—December 20, 1920.]

ALEXANDER SIMAS, Jr., Respondent, v. CONSELHO SUPREMO DA UNIAO PORTUGEZADO ESTADO DA CALIFORNIA (a Corporation), Appellant.

[1] FRATERNAL SOCIETIES — DEATH BENEFIT — CONFLICTING CLAIMS — PLEADINGS — IMPROPER JUDGMENT.—In an action to recover a death benefit upon a certificate of membership issued by a fraternal organization, where by the pleadings the defendant admitted its liability but presented the question of whether or not such liability was to the plaintiff, the beneficiary named in the cor-

tificate, or to another person, it was improper to render judgment for the plaintiff on the pleadings, as the defendant should have been permitted to· pay the money into court to await the final judgment wherein the respective rights of the claimants should be determined.

[2] ID.—Failure to Deposit Money in Court—Insufficient Ground for Support of Judgment.—In such an action, the failure to deposit the money in court as provided by section 386 of the Code of Civil Procedure cannot be relied upon to sustain the judgment on the pleadings in favor of the plaintiff, where the defendant requested the making of an order for the deposit, and the court, instead of doing so, entered judgment on plaintiff's motion.

APPEAL from a judgment of the Superior Court of Alameda County. Dudley Kinsell, Judge. Reversed.

The facts are stated in the opinion of the court.

F. I. Lemos, Frank Mitchell, Jr., and Rose & Silverstein for Appellant.

M. J. Rutherford for Respondent.

WILBUR, J.—This is an action to recover a death benefit upon a certificate of membership issued by defendant, insuring the life of Alexander Simas, Sr., wherein· the plaintiff is named as the beneficiary. Judgment was given for the plaintiff upon the pleadings and the defendant appealed. It appears from the pleadings that the defendant is liable upon its policy for the sum of eight hundred dollars, which liability is admitted in the pleadings. The only question raised by the defendant is whether or not that liability is to the plaintiff or to his brother. The father took out the certificate of membership in favor of his son John in pursuance of an agreement with John, that John, in consideration thereof, would insure his life in the Woodmen of the World and make his father beneficiary therein. Both agreed to make no change in the beneficiary. John complied with the agreement on his part, and the father, in violation of his contract with John, named plaintiff as his beneficiary in accordance with the by-laws of the defendant. The defendant· having notice of John's rights in the policy by reason of the agreement with his father, asks leave to pay the money into court in order that the brothers may litigate their respective claims

thereto. John was in the military service of the United States government when the suit was brought and when judgment was rendered. The question is whether under these admitted facts the court properly rendered judgment on the pleadings in favor of plaintiff or whether the court should have permitted the defendant to pay the money into court to wait the final judgment wherein the respective rights of the brothers should be determined.

[1] It is contended by the plaintiff that the judgment is proper for the reason that the certificate is conclusive upon the insurance company, and the fact that Alexander is named therein as beneficiary not only justifies but requires the payment to him. But this position ignores the right of the defendant to compel the claimants to litigate that matter between themselves, for one or the other, of course, must have the better right. The cross-complaint sets out the claims of both, and it is evident therefrom that the right of the plaintiff to the fund was at least debatable. (*Adams* v. *Grand Lodge,* 105 Cal. 321, [45 Am. St. Rep. 45, 38 Pac. 914]; *Jory* v. *Supreme Council,* 105 Cal. 20, [45 Am. St. Rep. 17, 26 L. R. A. 733, 38 Pac. 524]; *Freitas* v. *Freitas,* 31 Cal. App. 16, [159 Pac. 611]; *Grimbley* v. *Harrold,* 125 Cal. 24, 29, [73 Am. St. Rep. 19, 57 Pac. 558]; *Brett* v. *Warnick,* 44 Or. 511, [102 Am. St. Rep. 639, 75 Pac. 1061]; *Leaf* v. *Leaf,* 92 Ky. 166, [17 S. W. 354, 854]; *McGrew* v. *McGrew,* 190 Ill. 604, [60 N. E. 861]; *Stronge* v. *Supreme Lodge K. P.,* 189 N. Y. 346, [121 Am. St. Rep. 902, 12 Ann. Cas. 941, 12 L. R. A. (N. S.) 1206, 82 N. E. 433]; *Benard* v. *Grand Lodge A. O. U. W.,* 13 S. D. 132, [82 N. W. 404]; *King* v. *Supreme Council,* 216 Pa. St. 553, [65 Atl. 1108]; *Supreme Council C. B. L.* v. *Murphy,* 65 N. J. Eq. 60, [55 Atl. 497].) In such a case a complaint in interpleader is proper. (*Fidelity Sav. & Loan Assn.* v. *Rodgers,* 180 Cal. 683, [182 Pac. 426]). And this has been the practice (*Woodmen of the World* v. *Rutledge,* 133 Cal. 640, 643, [65 Pac. 1105]; *San Francisco Savings Union* v. *Long,* 137 Cal. 68, 70, [69 Pac. 687]; *Clark* v. *Mosher,* 107 N. Y. 118, 121, [1 Am. St. Rep. 798, 14 N. E. 96]). [2] The respondent claims that because the appellant did not deposit the money in court it failed to comply with section 386 of the Code of Civil Procedure. But such deposit is to be made only in pursuance of an interlocutory order of court, and the defendant requested that such order

be made and alleged its willingness to make such deposit, and the court instead of making such an order entered judgment on plaintiff's motion requiring the defendant to pay to the plaintiff the money it admitted to be due upon the insurance policy, thus in effect denying the application of the defendant to make the deposit in court, and for its discharge. Respondent cannot, therefore, rely upon the failure of the defendant to deposit the money in court to sustain the judgment, when that failure resulted from his own opposition to that course. Defendant pleaded the facts both by way of answer and a verified cross-complaint in interpleader, joining John Simas as a cross-defendant. We deem it unnecessary to further discuss the pleadings as the facts were fully before the court, and upon such facts the judgment was erroneous.

Judgment reversed.

Lennon, J., Sloane, J., Shaw, J., Olney, J., Angellotti, C. J., and Lawlor, J., concurred.