[S. F. No. 12752. In Bank.—April 22, 1929.]

GUGGENHIME & COMPANY (a Corporation), Plaintiff and Respondent, v. JOHN LAMANTIA et al., Defendants and Respondents; LOUIS W. ARMSTRONG et al., Defendants and Appellants.

Owen D. Richardson for Appellants.

Bohnett, Hill & Campbell for Plaintiff and Respondent.

Louis Oneal and Maurice J. Rankin for Defendant and Respondent.

SEAWELL, J.—This is an action of interpleader brought by Guggenhime & Co., a corporation, to determine the rights of defendants Nelson S. Carman and the Armstrong Estate, adverse claimant, to the sum of $744.40, in the possession of plaintiff as the balance remaining unpaid on the price of dried prunes purchased by said Guggenhime & Co. from defendant John Lamantia, of whom the other defendants are creditors. The court below gave judgment in favor of defendant Nelson S. Carman for said sum of $744.40, from which judgment the Armstrong Estate prosecutes this appeal.

Defendant Nelson S. Carman is a judgment creditor of Lamantia. Said Carman garnished all moneys due from Guggenhime & Co. to Lamantia by writ of attachment issued on September 24, 1926, and procured a writ of execution to be levied on said moneys on October 19, 1926, in pursuance of a judgment for $1,000 recovered on October

14, 1926. Defendant Armstrong Estate is the holder of an order for $1593 drawn by Lamantia upon Guggenhime & Company in favor of the Armstrong Estate prior to the issuance of said writ of attachment. Said company paid $800 on said order on September 7th, before the garnishment of Guggenhime & Company by defendant and respondent Carman. The order is in the following form:

"San Jose, Calif.

"Sept. 1, 1926.

"Guggenhime & Company,

"San Jose, Calif.,

"Gentlemen:

"Please pay to the Armstrong Estate the sum of Fifteen Hundred Ninety-three (1593.00) Dollars, and charge same to my account.

"JOHN LAMANTIA."

The rights of the Armstrong Estate to the balance remaining unpaid for the prunes purchased by the company from Lamantia are superior to the rights of Carman under his subsequent attachment and execution levies only if the transaction between Lamantia and the Armstrong Estate, in the course of which the above order was issued, involved an assignment *pro tanto* by Lamantia to the Armstrong Estate of his claim against Guggenhime & Company. (*Donohoe-Kelly Banking Co.* v. *Southern Pac. Co.*, 138 Cal. 183 [94 Am. St. Rep. 28, 71 Pac. 93].)

Section 3208 of the Civil Code, which provides that a "bill of itself does not operate as an assignment of the funds in the hands of the drawee available for the payment thereof," applies to negotiable bills of exchange and is not controlling herein for the reason that the order issued by Lamantia in favor of the Armstrong Estate is not payable to bearer or to order, and hence lacks one of the essentials of negotiability. (Sec. 3082, subd. 4, Civ. Code.) However, it was the rule in this state even before the adoption in 1917 of the Uniform Negotiable Instruments Law, of which section 3208 of the Civil Code is a part, that a negotiable check or bill of exchange drawn for a portion of the indebtedness of the drawee to the drawer, before written acceptance, did not of itself operate as an assignment *pro tanto* in favor of the payee. (*Cashman* v. *Harrison*, 90 Cal. 297 [27 Pac. 283]; *Donohoe-Kelly Bank-*

*ing Co.* v. *Southern Pac. Co.,* 138 Cal. 183 [94 Am. St. Rep. 28, 71 Pac. 93] ; *Pullen* v. *Placer County Bank,* 138 Cal. 169 [94 Am. St. Rep. 19, 66 Pac. 740, 71 Pac. 83] ; *John M. C. Marble Co.* v. *Merchants' Nat. Bank,* 15 Cal. App. 347 [115 Pac. 59] ; *LeBreton* v. *Stanley Contracting Co.,* 15 Cal. App. 429 [114 Pac. 1028] ; *Harlan* v. *Gladding, Mc-Bean & Co.,* 7 Cal. App. 49 [93 Pac. 400].) We believe this rule equally applicable in the case of an order for the payment of money which is in the form of a negotiable bill, except that it is not payable to bearer or to order. ■ The negotiable bill constitutes an order or authorization to the drawee named which transfers no title or property in the claim to the payee. Hence it is automatically revoked by the death of the drawer. (*Sneider* v. *Bank of Italy,* 184 Cal. 595 [12 A. L. R. 993, 194 Pac. 1021] ; *Pullen* v. *Placer County Bank, supra.*) The fund upon which it is drawn may be reached by attachment or execution levied subsequent to the issuance of the bill or order. (*Donohoe-Kelly Banking Co.* v. *Southern Pac. Co., supra.*) A non-negotiable order in the form of the draft herein lacks those attributes peculiar to the bill of exchange which are embraced within the term "negotiability," but in language and effect it is similar in important particulars to the negotiable bill.

■ Although neither a negotiable nor non-negotiable bill of itself constitutes an assignment, if it clearly appears from the entire transaction that it was the intention of the drawer and payee to transfer title to a chose in action, an assignment will be held to have taken place, and the nature of the transaction is not changed because the assignor in the course of the transaction may have delivered to the assignee an order upon the debtor. (*Dunlap* v. *Commercial Nat. Bank,* 50 Cal. App. 476 [195 Pac. 688] ; *Lawrence Nat. Bank* v. *Kowalsky,* 105 Cal. 41 [38 Pac. 517] ; *Title Ins. Co.* v. *Williamson,* 18 Cal. App. 324 [123 Pac. 245].) ■ The rule is simply that the order or bill does not of itself import an assignment, but the contrary, and the burden is upon the party asserting an assignment to prove it by other evidence than the check or bill. ■ In the instant case the court found that it was not intended by John Lamantia or the Armstrong Estate to assign title to any moneys or debt or any portion thereof, due or to become

.due from said Guggenhime & Co. to John Lamantia, and the parties intended it to be a bill of exchange and nothing more. The question of intent was for the trial court in the first instance. From the facts appearing in the agreed statement of facts in the bill of exceptions before us, it cannot be said that the trial court erred in refusing to find that an assignment had taken place.

While there is broad language in certain cases of this court, principally early decisions (*Wheatley* v. *Strobe,* 12 Cal. 92 [73 Am. Dec. 522] ; *Pierce* v. *Robinson,* 13 Cal. 116; *Pope* v. *Huth,* 14 Cal. 403; *Fidelity Savings & Loan Assn.* v. *Rodgers,* 180 Cal. 683 [182 Pac. 426] ; *Goldman* v. *Murray,* 164 Cal. 419 [129 Pac. 462]), which may seem to lend support to the claim of the Armstrong Estate, said cases are either distinguishable on the facts as involving situations where there was other evidence of an intent to effect an assignment than the instrument itself, or, in so far as they are in conflict with anything said herein, are disapproved by later cases, particularly *Donohoe-Kelly Banking Co.* v. *Southern Pac. Co., supra,* which contains a clear and correct exposition of the law. In *Wheatley* v. *Strobe, supra,* the decision is confined to cases where the order is drawn for the full amount of the debt owing by the drawee to the drawer. It is unnecessary here to decide whether it is now the law in this state that an order for the full amount of the debt creates a *prima facie* case of assignment, as has been intimated, for no claim is here made that the assignment is for the full amount, and it appears from the statement of agreed facts that Lamantia subsequently drew an order on Guggenhime & Co. in favor of respondent Carman for $2,000. This negatives an assignment to the Armstrong Estate of the full amount.

In the more recent decision in *Fidelity Savings & Loan Assn.* v. *Rodgers,* 180 Cal. 683 [182 Pac. 426], involving an instrument delivered by way of gift and similar in form to the order herein in that it was not payable to bearer or order, the court stated that if the instrument had been delivered for a valuable consideration it would have operated as an equitable assignment. We are of the view that said decision cannot be construed as holding that the order would of itself prove an assignment if it had been given for a valuable consideration, but that under such circumstances

parol evidence of the intent to transfer title to a chose in action accompanied by delivery of the order upon the debtor would have been sufficient to effect a transfer. If the written order itself constituted an assignment, it would be sufficient, although given as a gift, for a gift of a chose in action may be accomplished by delivery to the donee of a written instrument transferring title thereto. (*Burkett* v. *Doty,* 176 Cal. 89 [167 Pac. 518].)

Appellants rely upon statements from 1 Daniel on Negotiable Instruments, section 23, quoted with approval in *Goldman* v. *Murray,* 164 Cal. 419 [129 Pac. 462], as authority for the proposition that a distinction is to be made between negotiable and non-negotiable orders, the non-negotiable orders operating as assignments *per se.* While non-negotiable orders may be so drawn as to constitute assignments of themselves, we find no warrant on principle or authority in the decisions of this state for making said distinction in the case of such an order as we have before us. The text-writer cited announces the rule of assignment *per se* as having been applied to non-negotiable orders drawn for the whole or part of a fund, and admits that he can perceive no sufficient ground for excluding a bill for part of a fund, whether *negotiable or non-negotiable,* from the rule that a draft or bill operates as an equitable assignment. But such is not the rule in this state. Furthermore, anything said in *Goldman* v. *Murray, supra,* as to a distinction between negotiable and non-negotiable orders in this particular must be regarded as *dictum,* since that case did not involve an order or bill, but a promissory note executed by a corporation in favor of one Bowen, to whom it was indebted, and by him indorsed to plaintiff. The note was void as a corporate act, but the court held that Bowen's indorsement thereon transferred and assigned to plaintiff Bowen's claim against the corporation to the extent of the principal sum of the note. The facts are not analogous.

Judgment affirmed.

Richards, J., Curtis, J., Langdon, J., Preston, J., Waste, C. J., and Shenk, J., concurred.