[Civ. No. 9810.   First Appellate District, Division Two.—July 3, 1935.]

THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK (a Corporation), Plaintiff, v. ELLIS HUGH HENES et al., Minors, etc., Respondents; WELLS FARGO BANK AND UNION TRUST COMPANY (a Corporation) et al., as Executors, etc., Appellants.

William S. Downing, Frank J. Baumgarten and James F. Brennan for Appellants.

Fitzgerald, Abbott & Beardsley for Respondents.

SPENCE, J.—Plaintiff filed its complaint in interpleader after conflicting claims had been made upon it by the children of the assured and executors of the assured for the proceeds of two life insurance policies. The trial court entered an interlocutory decree of interpleader and thereafter entered judgment determining the conflicting claims of the defendants in favor of the children of the assured. The executors have appealed from said interlocutory decree of interpleader and from said judgment.

There is no dispute concerning the facts as the cause was tried upon a stipulation of facts submitted by the parties. In the discussion herein, we refer to the plaintiff as the company, to the defendants Ellis Hugh Henes and Ellis Hope

Henes as the children, and to the remaining defendants as the executors.

In 1914, Louis G. Henes, the assured and father of said children, married Evelyn E. Henes, the mother and present guardian of said children. He took out two policies of life insurance with the company in 1923, naming his wife as beneficiary in both policies. Policy numbered 3241561 was in the sum of $10,000 and the right to change the named beneficiary therein was reserved to the assured. Policy numbered 3235481 was also in the sum of $10,000, but the right to change the named beneficiary therein was not reserved to the assured. Matrimonial difficulties thereafter developed and said Louis G. Henes and Evelyn E. Henes separated. An agreement was entered into by the parties for the purpose of settling their property rights and making provision for the support of the minor children. Said agreement provided with reference to said policy numbered 3241561, that the beneficiary should be changed from the wife to Ellis Hugh Henes, the son; and with reference to said policy numbered 3235481, that the beneficiary should be changed from the wife to Ellis Hope Henes, the daughter. It was agreed that when the beneficiaries were so changed, the policies would be deposited with the Wells Fargo Bank and Union Trust Co.; that the assured would pay the premiums thereon for at least ten years from the date of each of said policies; that if the assured was unable to pay the premiums when due, the wife might pay and would be entitled to reimbursement from the assured; and that at the expiration of ten years from the date of each of said policies, the assured would have the "privilege of converting each of said policies into fully paid up policies without change of beneficiaries". Said agreement was thereafter approved in the interlocutory and final decrees of divorce. In 1929 and shortly after the entry of the interlocutory decree of divorce, the wife assigned all of her interest in said policies to the assured for the purpose of enabling the assured to carry out the terms of the above mentioned agreement.

The assured then executed an assignment of one of said policies to his son and an assignment of the other to his daughter. Said assignments were sent to the company, were attached to the policies and then said policies were deposited with the bank. It will be noted that said policies were assigned to the children while the agreement had provided that said children should be named as beneficiaries. The as-

signment forms which were used expressly reserved the right of cancellation of the assignments.

In 1931, the assured became disabled and disability benefits became due under the policies. The assured was apparently advised that he could not collect the disability benefits unless said assignments to the children were canceled. He therefore executed cancellations of said assignments, which were forwarded to the company. They were filed by the company and the assured was informed that the company assumed no responsibility as to the validity or effect of the instruments. The company thereafter paid the disability benefits to the assured until November, 1931, when the assured died without having named any beneficiaries under said policies other than as above set forth.

The making of the foregoing assignments and the cancellation thereof by the assured was done without the knowledge or consent of the wife. It appears, however, that the assured thought he was complying with the agreement in executing said assignments to the children and that he had no intention of divesting them of the right to the proceeds of the policies upon his death when he executed the cancellations of said assignments. In his will executed in 1931, he created a trust in favor of the children. He recited therein that he was maintaining insurance on his life for the benefit of his children "which on my death will be available to them as beneficiaries of the policies therefor", and further recited that the trust was created for the purpose of providing for said children "after the insurance proceeds are exhausted". Shortly after the cancellation of the assignments, he wrote his attorney telling him what he had done and stating, "Now, I don't know if I did anything contrary to the divorce agreement. In any event, it was never my intention to have the disability benefits made payable to the children." He also wrote in another letter to his attorney, "I am afraid that in signing the papers, that my children are no longer beneficiaries in my will. (It was stipulated that the assured was referring to the policies rather than the will.) If that is so, that's not what I wanted to happen. I want them to be the beneficiaries except that I want personally to get the disability money."

After the death of the assured, both the executors and the children filed claims with the company for the proceeds of the policies. The company thereupon commenced this suit.

The executors interposed a demurrer to the amended complaint, which demurrer was overruled. The parties then filed their answers and cross-complaints and the cause proceeded to trial with the result above set forth.

■ The executors contend that under the facts above set forth, the company was not entitled to invoke the remedy of interpleader and that the allegations set forth in the amended complaint were insufficient. We find no merit in this contention. The executors cite authorities from other jurisdictions in support of their position, but even under the rules set forth in said authorities, we believe that the allegations and proof were sufficient. At all events, the conditions under which the remedy may be invoked in this state are prescribed by statute and scope of the remedy has been broadened and enlarged. (14 Cal. Jur. 702; *Fidelity Savings & Loan Assn.* v. *Rodgers,* 180 Cal. 683 [182 Pac. 426].) Section 386 of the Code of Civil Procedure provides in part: "And whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves." In view of the terms of said section, we believe there is but one question regarding the above mentioned contention of the executors which requires serious consideration. ■ They cite section 2769 of the Civil Code which reads as follows: "The proceeds of every policy of insurance due on the death of the insured shall by the insurer be paid either to the beneficiary designated therein, or, if no beneficiary is designated therein, to the estate of insured; or, if the policy has been assigned, to the assignee thereof; and such payment shall satisfy all obligations of the insurer with respect to said policy." They then argue that under the terms of said section, payment to the executors would have relieved the company of liability, and therefore the company could not maintain this action in interpleader. *Calloway* v. *Miles,* 30 Fed. (2d) 14, is cited in support of their position. The fallacy in the executor's argument is found in the fact that it assumes that the policies had not been assigned. We are of the opinion that the company was not bound at its peril to determine whether the facts above set forth operated as an assignment to the children within the meaning of the section and that the company could

properly invoke the remedy of interpleader for the purpose of determining the persons entitled to the proceeds of the policies. The case cited by the executors is not in point as the policy there contained a "facility of payment" clause and under the terms of the policy itself, payment to either claimant would have relieved the company from all liability. It follows from what has been said that the interlocutory decree of interpleader should be affirmed.

Coming to the consideration of the appeal from the judgment in favor of the children, we find some difficulty in ascertaining the exact contentions of the executors. Said judgment was based upon findings of fact and no direct attack is made upon the sufficiency of the evidence to support the findings nor upon the sufficiency of the findings to support the judgment. As we view the situation, the children's right to the proceeds of the policies was derived from the property settlement agreement between the assured and his wife. It is apparently conceded that said agreement was valid and based upon a sufficient consideration, and in the absence of rescission by the parties, the children could enforce the provisions thereof made expressly for their benefit in the same manner as could a party to the agreement. (Civ. Code, sec. 1559.)

Said agreement required the assured to name the children as the beneficiaries of said policies and clearly implied that the assured should not at any time thereafter have the right to change the beneficiaries. The assured failed to comply with the exact terms of the agreement, but we believe said agreement operated as an equitable assignment of the proceeds of the policy which were to become due upon the death of the assured. (See *Fidelity Savings & Loan Assn.* v. *Rodgers,* 180 Cal. 683 [182 Pac. 426]; *Simas* v. *Conselho Supremo,* 184 Cal. 511 [194 Pac. 1001]; *Shoudy* v. *Shoudy,* 55 Cal. App. 544 [203 Pac. 433]; 3 Cal. Jur. 259 et seq.) We are therefore of the opinion that the showing of the existence of said agreement was sufficient to support the judgment in favor of the children and against the executors. Said executors complain of the rulings admitting certain evidence over their objection. While the cause was tried upon stipulated facts, the right to object was reserved and the objections were interposed upon the trial. The evidence in question consisted of various letters and the will of the assured. From all of these it appeared that the assured desired at all times

to carry out the terms of the agreement and intended that the children should receive the proceeds of the policies upon his death. We need not discuss the propriety of the rulings admitting this evidence as said evidence could not affect the result in view of the conclusions above set forth.

The decree and the judgment appealed from are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1935.