[Civ. No. 12334. Second Appellate District, Division Two.—November 2, 1939.]

ROBERT McKAY, Respondent, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association), as Executor, etc., Appellant.

Merriam, Rinehart & Merriam for Appellant.

Zach Lamar Cobb and Earl A. Littlejohns for Respondent.

MOORE, P. J.—This is an appeal by defendant from a judgment in favor of plaintiff for the unpaid balance of a certain nonnegotiable promissory note in favor of the plaintiff by his deceased sister, Ida M. T. Miller. The note dated April 25, 1928, is for the sum of $39,688.93; is to bear no interest; to remain in effect during the life of plaintiff un-

less sooner paid; to be paid out of one-third of the royalties from the oil well or wells producing on the parcel of land described in the note, and to terminate in the event of the cessation of said production. Following the signature of decedent is a postscript signed by the plaintiff: "I accept this gift under the within terms and conditions." Decedent departed this life in January, 1938.

The trial court found that the note was in fact supported by an adequate consideration, having been executed in compromise of an action involving the unpaid balance of a former note of decedent for $100,000; that plaintiff is the lawful owner and holder of said note; that one-third of the royalties accrued as of the time of the trial was $1713.24; that no contest of the executor's rejection of plaintiff's claim had been made; that plaintiff during the course of the trial waived all recourse against the general assets of the estate of the said decedent other than his right to one-third of said royalties until the balance of said note should be paid in full; that decedent during her lifetime made valid and binding transfers to plaintiff of the said one-third of the moneys accrued, and to accrue, from said royalties until he shall have received the balance of $8,994.36; and that plaintiff's claim thereto is valid.

Based upon such findings, the court decreed judgment in favor of the plaintiff for said last-mentioned sum, payable out of said one-third of the royalties accrued and to accrue, until said sum shall have been fully paid, and directed said Bank of America, the depositary of said royalties, to pay plaintiff one-third of all such royalties until payment in full of said balance, and further adjudged that neither the said husband of decedent nor the said appellant has any right, title, or interest in or to the one-third of said accruing or accrued royalties until plaintiff shall have received said sum.

The bases of its appeal are: (I) In the absence of clear and convincing evidence showing such intention, a promissory note payable out of a specific fund does not constitute a partial assignment of such fund; (II) a recital in a promissory note that it is accepted as a gift and the acceptance thereof by the payee as a gift estops the payee to assert that it was for a valuable consideration; (III) a promissory note made payable out of a specific fund cannot under any circumstances operate as a partial assignment of

a larger fund in the absence of a showing of an adequate consideration for the note.

I. As between the decedent and her brother, the instrument was her irrevocable obligation to pay plaintiff the sum promised. In order doubly to insure such payment, she executed and delivered a separate order which was accepted directing the depositary of the fund to make the payments prescribed in the note. Upon the delivery of the note and the said order by the decedent to the said depositary bank, title of the plaintiff to the interest conveyed was complete. (Civ. Code, secs. 1056, 1059; *Burkett* v. *Doty*, 176 Cal. 89 [167 Pac. 518]). Such was the intention of decedent, as demonstrated not only by her written act of authorization to said depositary to make the payments but also by her subsequent acquiescence in the payments over a period of nine years, during which time the amount of the note was reduced from $39,688.93 to $8,994.36 at the time of her death. To effect a defeat of the transfer of the interest conveyed to plaintiff would require a pleading and a finding that the assignment is void for fraud or mistake and neither is suggested. The method adopted by decedent for the purpose of making payment of the sum of the note was evidently to safeguard her residuary interest in the entirety of the royalties but not to avoid or qualify her obligation to discharge said note. Decedent had a right to dispose of her royalties. Her order upon her depositary to pay any portion of it to her creditor was effective and effected upon the delivery of the instruments designed to accomplish that purpose.

The note was in truth a partial assignment of the fund created by the oil royalties. (*Burkett* v. *Doty, supra.*) It is final in the absence of the claims of creditors and is as enforceable as any valid conveyance of a thing in action. (*Fidelity Savings etc. Assn.* v. *Rodgers,* 180 Cal. 683 [182 Pac. 426]; *Guggenhime & Co.* v. *Lamantia,* 207 Cal. 96 [276 Pac. 995]; *Donohoe-Kelly Banking Co.* v. *Southern Pac. Co.,* 138 Cal. 183, at 191 [71 Pac. 93, 94 Am. St. Rep. 28].)

The executor of decedent's estate cannot avoid payment of the note out of the royalties assigned for two reasons: (1) The order for the payment of the royalties was accepted by the depositary in 1928; and (2) there are no

creditors claiming the right to share in that portion of the fund assigned to plaintiff. (*Guggenhime & Co.* v. *Lamantia, supra.*)

Holding a partial assignment of a designated fund and a contemporaneously accepted order to the depositary for its payment, and no rights senior to those assigned having been established to any portion of the one-third interest conveyed by decedent to him, plaintiff's title to the portion assigned to him is indefeasible. (*Goldman* v. *Murray,* 164 Cal. 419 [129 Pac. 462].)

■ Moreover, the delivery of the note and the order for its payment out of the fund to the depositary and the acceptance thereof by said depositary created an equitable assignment by the decedent and gave plaintiff's title precedence over any other assignment or lien. (*McIntyre* v. *Hauser,* 131 Cal. 11 [63 Pac. 69].) The language of the note and the order were sufficient to create an equitable assignment. "It is sufficient if, from the entire transaction, it appears that the intention of the parties was to pass title and that payment should be made to the one who becomes the equitable assignee." (*Goldman* v. *Murray, supra.*)

Appellant's cited authorities to the effect that an agreement to pay a debt out of specific funds does not constitute an equitable assignment are not in point. In the case of *State Central Savings Bank* v. *Hemmy,* 77 Fed. (2d) 458, the appellant bank having procured from the bankrupt an instrument providing for the payment out of the proceeds to be received by the bankrupt from certain insurance policies, the court held that there must be a distinct appropriation of the funds for the payment of the debt and that such appropriation must amount to a transfer and the establishment of a right *in rem*. The instrument in question did not operate as an assignment because it did not contain words of appropriation or of transfer. Since the parol evidence concerning the entire transaction was in direct conflict as to the nature of the arrangements, the Circuit Court of Appeals declined to disturb the findings of the referee.

In the case of *Lone Star Cement Corporation* v. *Swartwout,* 93 Fed. (2d) 767, the claim of the plaintiff based upon the alleged assignment from the bankrupt was denied. At a time when the bankrupt was indebted to the plaintiff

for materials furnished it, it was orally agreed that such indebtedness should be paid out of certain distinct "accounts receivable" owing to the bankrupt. The debtors were not notified of the assignment. The court held that, in order to effect an assignment, while no particular phraseology is necessary, the intention to vest the present right in the assignee must appear either by oral or written word or by conduct signifying a relinquishment of control by the assignor and an appropriation to the assignee. The agreement did not constitute an assignment but was merely a promise to pay out of the designated funds, there being no intention manifested to assign or appropriate.

II. The claim that the note was a gift without consideration is disposed of by the findings of the trial court. The postscript upon the note over the signature of the plaintiff to the effect that it was a gift is of no consequence in the face of the court's findings that the note was delivered for a valuable consideration. All of the transactions between the parties, commencing with 1921 to the date of the settlement of the litigation between them, April 25, 1928, were given in evidence and such evidence constituted the basis of the court's findings. The court with propriety received parol evidence of the antecedent transactions between the parties to ascertain the true consideration for the note. (Civ. Code, sec. 1962; *Richardson* v. *Lamp,* 209 Cal. 668 [290 Pac. 14]; *Gardner* v. *Watson,* 170 Cal. 570 [150 Pac. 994].) "Plaintiff is not estopped by the recitals in the bill of sale with respect to its consideration." (*Wurdeman* v. *Waller,* 88 Cal. App. 393 [263 Pac. 558].)

But if appellant's contention were sound and all the parol evidence excluded, the adequacy of consideration was established by the original conveyance of a one-third interest in the oil-bearing land; by the $100,000 note of decedent to plaintiff delivered upon plaintiff's quitclaim of said one-third interest, and by the subsequent litigation arising from decedent's attempt to cancel said last-mentioned note and by the written stipulation for its compromise. The compromise of a lawsuit was itself a sufficient consideration for the note. (6 Cal. Jur. 177; *Gardner* v. *Watson, supra.*)

III. The contention of appellant that the provision for the note to be payable out of a specific fund cannot operate as a partial assignment of a larger fund in the ab-

sence of a showing of adequate consideration is answered in the foregoing. The filing of the claim against the estate of decedent is immaterial to our consideration. At no time was the contention made by plaintiff that he had any right to receive payment of the balance due on his note from the general estate of the decedent or from any fund other than the portion of the oil royalties conveyed by the note and the order. At the trial, the plaintiff specifically waived all rights to any interest in the general estate of the decedent. Since the note was made payable out of the specific funds, it could not constitute a claim against the general estate of the deceased. A claimant of specific property cannot properly be called a creditor and need not present any claim. (11A Cal. Jur., sec. 504.) ''One who claims as his own, adversely to an estate, specific property held and claimed by the estate, cannot be called a creditor of the estate within the meaning of the probate law.'' (*Estate of Dutard*, 147 Cal. 253, at 256 [81 Pac. 519].)

Plaintiff's filing of a claim with the executor was meaningless and its rejection was harmless. (Probate Code, sec. 716.)

The judgment is affirmed.

Wood, J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 28, 1939.